UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAMIAN HUSAK<br><br>    Plaintiff,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>    Defendant. | Case No. 3:20-cv-00857<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

To: The Honorable Eli J. Richardson, District Judge

## REPORT AND RECOMMENDATION

On June 27, 2022, the Court ordered pro se Plaintiff Damian Husak to show cause by July 18, 2022, why the Magistrate Judge should not recommend that this action be dismissed under Federal Rule of Civil Procedure 41(b) for Husak's failure to prosecute his claims. (Doc. No. 46.) The docket reflects that Husak has not responded to the Court's show-cause order or Defendant State Farm Fire and Casualty Company's motion to dismiss this action under Rule 41(b). (Doc. No. 43.) For the reasons that follow, the Magistrate Judge will recommend that the Court dismiss Husak's complaint without prejudice under Rule 41(b) for Husak's failure to prosecute and find moot State Farm's motion to dismiss.

### I. Factual and Procedural Background

Husak initiated this action with the assistance of counsel on September 4, 2020, by filing a complaint in the Circuit Court of Williamson County, Tennessee, seeking payment from State Farm for water damage to his property. (Doc. No. 1-1.) On October 2, 2020, State Farm removed the case to this Court under 28 U.S.C. §§ 1441 and 1446. (Doc. No. 1.) On November 9, 2020, the

Court entered an agreed scheduling order that provided that "[r]esponses to dispositive motions shall be filed within 28 days after the filing of the motion." (Doc. No. 10, PageID# 35.)

On March 1, 2022, Husak's counsel filed a motion to withdraw from representing him (Doc. Nos. 34, 34-1), which the Court granted (Doc. No. 35). The Court ordered Husak to obtain new counsel or notify the Court of his intent to continue pro se by May 4, 2022. (*Id.*) Husak's former counsel served him with notice of the Court's order by mail and email on March 10, 2022. (Doc. No. 37.) Husak has not filed a notice of his representation status as ordered by the Court.

On May 13, 2022, State Farm filed a motion to dismiss this action under Federal Rule of Civil Procedure 41(b) for Husak's failure to prosecute his claims. (Doc. No. 43.) The Court notified Husak that "any response in opposition to the motion to dismiss must be filed . . . within 28 days of the service of the motion[,]" "[a]s established by the initial case management order[.]" (Doc. No. 45.) The Court warned Husak "that failure to respond to the motion to dismiss in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules may result in a recommendation that the motion be granted as unopposed or the action be dismissed for failure to prosecute." (*Id.*) Husak did not file a response to State Farm's motion to dismiss.

On June 27, 2022, the Court ordered Husak to show cause by July 18, 2022, why the Magistrate Judge should not recommend that his claims be dismissed under Rule 41(b) for failure to prosecute or for the reasons stated in State Farm's motion to dismiss. (Doc. No. 46.) The docket shows that Husak has not responded to the Court's show-cause order or State Farm's motion to dismiss.

II.     **Legal Standard**

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing

*Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "'substantial discretion'" regarding decisions to dismiss for failure to prosecute. *Id.* (quoting *Knoll*, 176 F.3d at 363).

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of

his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)); *see also* M.D. Tenn. R. 41.01 (dismissal of inactive cases) (allowing Court to summarily dismiss without prejudice "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party").

**III.     Analysis**

Dismissal of this action is appropriate under Rule 41(b) because the four relevant factors, considered under the "relaxed" standard for dismissals without prejudice, show a record of delay by Husak.

### A.     Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "'display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings.'" *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591)). There is no indication that Husak's failure to respond to State Farm's motion to dismiss or the Court's show-cause order was motivated by bad faith. However, because the Court warned Husak that failure to respond to the motion to dismiss or to the show-cause order could result in dismissal, these failures are indicative of willfulness or fault for purposes of Rule 41(b) and therefore "tip[ ] the scale in favor of dismissal on the first factor." *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *see also Daniels v. Napoleon*, Civ. Action No. 14-10609, 2014 WL 6669116, at *3 (E.D. Mich. Nov. 24, 2014) (finding first factor of Rule 41(b) analysis weighed in favor of dismissal where court warned pro se plaintiff "that his case would be dismissed with prejudice if he failed to file a response to [d]efendants' motion to dismiss or a response to the [c]ourt's [o]rder to [s]how [c]ause"). This factor therefore weighs in favor of dismissal.

### B. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g., Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds even minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." *Id.* at 740.

Here, State Farm has filed an answer (Doc. No. 7) and a motion to dismiss (Doc. No. 43). Those steps are typical of the early stages of litigation. *See Schafer*, 529 F.3d at 739. There is no indication that State Farm has been forced to waste substantial time, money, or effort in pursuit of Husak's cooperation. This factor weighs against dismissal.

5

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 629 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). Here, the Court warned Husak several times that failure to respond to State Farm's motion to dismiss or the Court's show-cause order could lead to a recommendation that his claims be dismissed. (Doc. Nos. 45, 46.) This factor supports dismissal.

### D. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here, even though State Farm has filed a motion to dismiss. *See Daniels*, 2014 WL 6669116, at *1 (dismissing pro se plaintiff's complaint without prejudice for failure to prosecute and denying defendants' motion to dismiss as moot). Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits . . . ." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "'more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal'" (quoting *Harmon*, 110 F.3d at 367)).

## IV. Recommendation

Considering the above four factors, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Rule 41(b) for Husak's failure to prosecute and that State Farm's motion to dismiss (Doc. No. 43) be FOUND MOOT.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided.

*Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

    Entered this 25th day of July, 2022.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge